## Weber's Trust

*M. Paul Smith* and *Winfield W. Crawford,* for accountant.

*Wallace M. Keely,* for assignee of creditors and claimants.

HOLLAND, P. J., November 3, 1943. — This trust arises under an agreement between accountant, on one part, and Ray and Charlotte W. Weber, his wife, and Emma Weber, on the other part. It is dated June 1932.

It recites that the Webers owned certain land in Bucks County, title to which thereafter vested in one Donlan; that the property is subject to a first mortgage of $2,500 and a second mortgage of $29,900, given by Donlan to accountant as trustee for Ray and Emma Weber; and that Donlan is about to convey, subject to both mortgages, to another.

It is agreed that if and when accountant, as trustee of the mortgage, collects payment on account of principal, it shall pay off certain equitable liens on the real estate and certain commissions due real estate brokers. The balance thereafter remaining will be $26,280, of which Emma Weber's share is fixed at $16,390 and Ray Weber's at $9,890. Emma's share is to be paid to her when collected. Ray's share, when collected, is to bear delinquent taxes, interest, and other charges. Then a $3,700 judgment against him is to be paid to one Boileau, and next a deficiency judgment in favor of Amber Building & Loan Association is to be paid.

During March and April 1943, the real estate brokers, Boileau, Amber Building & Loan Association, and Ray Weber, all assigned their interests to Earl B. Lippincott.

In our opinion this court has no jurisdiction over the trust. Jurisdiction over trusts inter vivos was lacking under the Orphans' Court Act of June 7, 1917, P. L. 363, until section 9(n) was added by the Act of June 26, 1931, P. L. 1384. The jurisdiction thus conferred is concurrent with the court of common pleas, and is not exclusive: Wilson v. Board of Directors of City Trusts et al., 324 Pa. 545 (1936). It has been held that under this amendment the orphans' court has no jurisdiction over a trust which arises by operation of law or where the relationship is that of principal and agent: Gorkiewicz's Estate, 43 D. & C. 40 (1941) ; Sullivan's Petition, 34 D. & C. 154 (1938) ; Jenkins' Estate, 20 D. & C. 671 (1934). No jurisdiction was thus conferred over trustees for bondholders: Reading National Bank

& Trust Company's Account, 22 D. & C. 654 (1935); or over trusts for the benefit of creditors: In re Jacob Leinenbach Petition, 35 Schuyl. L. R. 25 (1935); In re account of Martin S. Musser, Trustee of Ricedorf & Nissley, 47 Lanc. L. R. 221 (1940). Nor was it intended to confer jurisdiction where the trust is for a temporary purpose: In re Stief et al., 32 D. & C. 289 (1938).

We are of the opinion that the orphans' court has no jurisdiction.

And now, November 3, 1943, examination and audit of the account are refused, the petition for adjudication is dismissed, and distribution as requested therein is refused; the said account is returned to the files.